UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL J. GROVES,

     Plaintiff,

v.                                              CASE NO. 8:10-CV-2665-T-17TGW

U.S. BANK, et al.,

     Defendants.

_____/

ORDER

This cause is before the Court on:

Dkt. 20   Motion to Dismiss
Dkt. 25   Response

The Complaint in this case includes the following claims against Defendant U.S. Bank:

Count I -    Violation of Sec. 559.72(6) and Sec. 559.72(9),
             Fla. Stat.
Count II -   Violation of 15 U.S.C. Sec. 1681s-2(a)(1),
             15 U.S.C. Sec. 1681s-2(a)(2), 15 U.S.C. Sec.
             1681s-2(a)(3), 15 U.S.C. Sec. 1681s-2(b)
Count III -  Violation of Sec. 679.625, Fla. Stat.
Count IV -   Violation of Sec. 671.203, Fla. Stat.
Count V -    Violation of Sec. 501.203(8), Fla. Stat.

Count VI has been dismissed (Dkt. 23).

Plaintiff Groves alleges that Plaintiff entered into a Promissory Note and Security Agreement with Defendant U.S. Bank dated November 12, 2004. (Dkt. 1-1).  Plaintiff Groves surrendered the collateral on August 8, 2009 (Dkt. 1, p. 2).  On

Case No. 8:10-CV-2665-T-17TGW

September 4, 2009, Plaintiff Groves inspected the collateral, and
noticed that it was not in the same condition as at the time of
surrender.  On September 7, 2009, Plaintiff Groves contacted
Defendant U.S. Bank by telephone as to the changed condition and
wrote a complaint letter with documentation to Defendant.
Plaintiff Groves alleges that Plaintiff Groves requested to
redeem the collateral, but Defendant did not respect to
Plaintiff's request.  On September 15, 2009, Defendant U.S. Bank
notified Plaintiff that Defendant had sent his claim to PAR North
America, with whom Defendant U.S. Bank had contracted for
recovery services.  On September 16, 2009, PAR North America
notified Plaintiff Groves that it could not find any
justification for Plaintiff's claim and Defendant U.S. Bank
considered the matter complete unless further documents could be
provided otherwise.  Plaintiff Groves disputed the validity of
the debt claimed as owed to Defendant U.S. Bank on November 5,
2009 (Dkt. 1-2).  Plaintiff Groves sent a written dispute to a
debt collector disputing the validity of the debt claimed as owed
to U.S. Bank and requested validation of the debt on January 26,
2010 (Dkt. 1-3).  Plaintiff alleges the debt was verified by
Defendant U.S. Bank and no change was made to Plaintiff's credit
report.

I.  Standard of Review

"Under Federal Rule of Civil Procedure 8(a)(2), a complaint
must contain a "short and plain statement of the claim showing
that the pleader is entitled to relief." "[D]etailed factual
allegations" are not required, Bell Atlantic v. Twombly, 550 U.S.
544, 555 (2007), but the Rule does call for sufficient factual
matter, accepted as true, to "state a claim to relief that is

2

Case No. 8:10-CV-2665-T-17TGW

plausible on its face," Id., at 570.   A claim has facial
plausibility when the pleaded factual content allows the court to
draw the reasonable inference that the defendant is liable for
the misconduct alleged. Id., at 556. Two working principles
underlie Twombly. First, the tenet that a court must accept a
complaint's allegations as true is inapplicable to threadbare
recitals of a cause of action's elements, supported by mere
conclusory statements. Id., at 555. Second, only a complaint
that states a plausible claim for relief survives a motion to
dismiss.   Determining whether a complaint states a plausible
claim is context-specific, requiring the reviewing court to draw
on its experience and common sense. Id., at 556.  A court
considering a motion to dismiss may begin by identifying
allegations that, because they are mere conclusions, are not
entitled to the assumption of truth.  While legal conclusions can
provide the complaint's framework, they must be supported by
factual allegations.  When there are well-pleaded factual
allegations, a court should assume their veracity and then
determine whether they plausibly give rise to an entitlement to
relief.  See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1955-1956
(2009)(quoting Bell Atlantic v. Twombly, 550 U.S. 544 (2007).

II.  Discussion

A.  Count I - Violation of FCCPA

     Defendant U.S. Bank moves to dismiss Count I for failure to
state a claim in that Plaintiff does not allege details of the
date, time and frequency of Defendant's collection activities or
why such activities were improper.    Defendant U.S. Bank further
argues that Plaintiff's claim, as alleged, is expressly preempted

3

Case No. 8:10-CV-2665-T-17TGW

by the FCRA, 15 U.S.C. Sec. 1681t(b)(1)(F).

Plaintiff Groves responds that Plaintiff has adequately stated the basis of his cause of action for violation of Ch. 559.72(6) and 559.72(9), Florida Statutes, and Plaintiff's claims under the FCCPA are not related to Defendant's obligations as a furnisher of information to a credit reporting agency.

1) Ch. 559.72(6), Florida Statutes

Ch. 559.72(6), Florida Statutes, provides that no person shall:

> 6) Disclose information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact. If a disclosure is made before such dispute has been asserted and written notice is received from the debtor that any part of the debt is disputed, and if such dispute is reasonable, the person who made the original disclosure must reveal upon the request of the debtor within 30 days the details of the dispute to each person to whom disclosure of the debt without notice of the dispute was made within the preceding 90 days.

In the Complaint, Plaintiff alleges that Defendant U.S. Bank is a for-profit corporation engaged in the business of banking, lending, and collecting debts in the State of Florida with its principal place of business located at Minneapolis, Minnesota. Plaintiff alleges that Defendant U.S. Bank is a debt collector as defined by FCCPA 559.55(6).

4

Case No. 8:10-CV-2665-T-17TGW

Plaintiff Groves alleges that Defendant U.S. Bank violated Ch. 559.72(6), Florida Statutes, by failing to provide verification of the amount of the debt and continuing its debt collection efforts after Plaintiff Groves disputed the debt in writing within thirty days of receiving notice of the debt validation rights. Plaintiff Groves alleges that Plaintiff disputed the validity of the debt which Defendant U.S. Bank claimed Plaintiff owed on November 5, 2009 (Dkt. 1-2). Plaintiff requested that Defendant U.S. Bank investigate, waive any deficiency claim against Plaintiff, and respond to Plaintiff's request within thirty days. Plaintiff Groves further alleges that Plaintiff Groves disputed the validity of the debt to a debt collector on January 26, 2010, that thereafter the debt was verified by Defendant U.S. Bank, and no change was made to Plaintiff's credit report, to which Defendant U.S. Bank reported the debt.

Ch. 559.55(6) states:

> 6) "Debt collector" means any person who uses any instrumentality of commerce within this state, whether initiated from within or outside this state, in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. The term "debt collector" includes any creditor who, in the process of collecting her or his own debts, uses any name other than her or his own which would indicate that a third person is collecting or attempting to collect such debts. The term does not include:

1.        (a) Any officer or employee of a creditor while,

5

Case No. 8:10-CV-2665-T-17TGW

>           in the name of the creditor, collecting debts for
>           such creditor;

     Plaintiff Groves does not allege that the principal purpose
of Defendant U.S. Bank's activities in Florida is the collection
of debts, or that Defendant U.S. Bank regularly collects debts
owed, due or asserted to be owed or due another.  Plaintiff
Groves does not allege that Defendant U.S. Bank, in the process
of collecting its own debts, uses any name other than its own
which would indicate that a third person is collecting or
attempting to collect such debts.

     When applying the FCCPA, the Court must give due
consideration and weight to the interpretation of the
corresponding federal debt collection statute, the Fair Debt
Collection Practices Act.  Other courts have held that
enforcement of security interests in property falls outside the
scope of the FDCPA.  See Rosado v. Taylor, 324 F.Supp.2d 917
(N.D. Ind. 2004).  To the extent that Plaintiff asserts a FCCPA
claim against Defendant U.S. Bank as to Plaintiff's allegation
disputing the validity of the debt with Defendant dated November
5, 2009, Defendant U.S. Bank is Plaintiff's creditor, and
Plaintiff's claim is not within the scope of the FCCPA.

     Plaintiff Groves alleges that Plaintiff Groves notified a
debt collector, Academy Collection Service, Inc., of Plaintiff's
dispute with Defendant U.S. Bank on January 26, 2010 (Dkt. 1-3),
which included a request for validation of the debt under the
FDCPA, and a demand to cease unwritten communication with
Plaintiff Groves under 15 U.S.C. Sec. 1692c.  The Complaint does
not include an allegation which explains the relationship between

6

Case No. 8:10-CV-2665-T-17TGW

Defendant U.S. Bank and Academy Collection Services, Inc., the debt collector. Academy Collection Services, Inc. is not a party to this case. It is unclear whether Plaintiff's claim is based on Defendant U.S. Bank's verification of the debt to Academy Collection Services, the debt collector at some time after January 10, 2010, and/or on reporting the debt to credit reporting agencies without indicating the debt was disputed.

2) Ch. 559.772(9)

Ch. 559.72(9), Florida Statutes, provides that no person shall:

> (9) Claim, attempt, or threaten to enforce a
> debt when such person knows that the debt is
> not legitimate, or assert the existence of
> some other legal right when such person knows
> that the right does not exist.

For purposes of the Florida Consumer Collection Practices Act (FCCPA), the use of the word "knows" requires actual knowledge of the impropriety or overreach of a claim. In re Lamb, 409 B.R. 534 (N.D. Fla. 2009).

Plaintiff alleges that Defendant U.S. Bank violated Ch. 559.72(9), Florida Statutes, by attempting to collect a debt when Defendant U.S. Bank knew the amount of the debt was not legitimate, and trying to collect collection fees in excess of the fees allowed when Defendant U.S. Bank knew the right to collect the fees did not exist.

7

Case No. 8:10-CV-2665-T-17TGW

To determine whether a debt is legitimate or whether a legal
right exists, the Court must refer to other statutes that
establish the legitimacy of the debt and define legal rights.
Cliff v. Payco Gen. Am. Credits, Inc., 363 F.3d 1113, 1126 (11th
Cir. 2004).  When Plaintiff Groves purchased the boat and other
items which comprise the Lender's collateral, Plaintiff Groves
entered into a Security Agreement with Defendant U.S. Bank.  The
Agreement (Dkt. 1-2) spells out what constitutes a default, and
specifies the Lender's rights upon default, including the
remedies for default.  The Agreement further states:

> "If you make any payment after we have
> demanded payment of the entire balance due,
> your payment will be applied to the unpaid
> balance.  Your debt will be the unpaid
> balance of the amount financed, plus accrued
> finance charges, unpaid late charges,
> collection costs, and all other amounts due
> to us under this Note.  If the net proceeds
> of the Collateral sold do not pay your
> indebtedness in full, you will pay us the
> difference, plus interest at the Annual
> Percentage Rate until paid in full."

Plaintiff's Complaint does not include a breach of contract claim
against Defendant; however, an amended complaint will be filed
which does include a breach of contract claim.  In Count III,
Plaintiff alleges a violation of Ch. 679.625, Florida Statutes,
which provides statutory remedies for failure to comply with Ch.
679.601, Florida Statutes, Rights after Default.  In Count III,
Plaintiff Groves alleges that Defendant U.S. Bank gave improper
notice of the sale of the collateral, did not sell the collateral
in a commercially reasonable manner, and did not properly
calculate the deficiency or surplus as to the sale of the

8

Case No. 8:10-CV-2665-T-17TGW

collateral.  In the Complaint, Plaintiff seeks actual damages or
statutory damages, based on Defendant's failure to comply with
the requirement to send an explanation of the calculation of the
deficiency to Plaintiff.

     If a secured party elects to repossess and resell its
collateral, the debtor is liable for any deficiency remaining
after the sale as a matter of law.  See Ch. 679.608(1)(d); Weiner
v. Am. Petrofina Mktg., Inc., 482 So.2d 1362, 1364 (Fla. 1986).
The amount of the deficiency judgment to which the secured party
is entitled is a matter of fact.  To establish entitlement to a
deficiency judgment in a certain amount, the secured party must
show that is disposition of the collateral was commercially
reasonable, but nevertheless resulted in the recovery of an
amount less than the amount of the secured debt.  If the debtor
places the commercial reasonableness of the disposition of the
collateral "in issue," the secured party has the burden to
establish that every aspect of the disposition was commercially
reasonable.  In the alternative, the secured party may concede
that its disposition was commercially unreasonable, introduce
evidence to prove the fair market value of the collateral at the
time of repossession, and allow the debtor an additional credit
for the difference between the fair market value and the amount
obtained by the secured party at the commercially unreasonable
sale.  See Southern Developers & Earthmoving, Inc. v. Caterpillar
Financial Services Corp., 56 So.3d 56, 60 (Fla. 2d DCA 2011).  In
this case it is not clear whether Defendant U.S. Bank has
obtained a deficiency judgment against Plaintiff Groves that
Defendant U.S. Bank is seeking to collect.

9

Case No. 8:10-CV-2665-T-17TGW

There is no dispute that the underlying debt is legitimate. Plaintiff Groves admits that Plaintiff entered into a Security Agreement with Defendant (Dkt. 1-1). Plaintiff's complaint concerns the amount of the deficiency due to Defendant. It is not clear how Defendant U.S. Bank could have actual knowledge that the debt Defendant U.S. Bank was seeking to collect was not legitimate, if Defendant has not obtained a deficiency judgment, and Plaintiff's claims for breach of contract and for violation of Ch. 679.625, Florida Statutes, have not been adjudicated.

Plaintiff Groves has not included sufficient allegations to establish that Defendant U.S. Bank meets the statutory definition of "debt collector" and which support the specific claims Plaintiff asserts. After consideration, the Court **grants** the Motion to Dismiss as to Count I, with leave to file an amended complaint.

B.  Count II - Violation of FCRA

In the Complaint, Plaintiff alleges that Defendant U.S. Bank violated 15 U.S.C. Secs. 1681s-2(a)(1),2(a)(2), 2(a)(3) and 2(b).

1.  15 U.S.C. Sec. 1681s-2(a)(1)(2)(3)

Defendant U.S. Bank moves to dismiss because Plaintiff Groves does not have a private right of action for his claims under Sec. 1681s-2(a)(1), (2) and (3). Rambarran v. Bank of America Corp., 2007 WL 2774256 (S.D. Fla. 9/24/2007).

Plaintiff Groves responds that Plaintiff has sufficiently alleged a claim under FCRA.

10

Case No. 8:10-CV-2665-T-17TGW

15 U.S.C. Sec. 1681s-2(d) states:

d) Limitation on enforcement

1. The provisions of law described in paragraphs (1)
through (3) of subsection (c) of this section (other
than with respect to the exception described in
paragraph (2) of subsection (c) of this section) shall
be enforced exclusively as provided under section 1681s
of this title by the Federal agencies and officials and
the State officials identified in section 1681s of this
title.

Based on the limitation on enforcement specified within the
statute, the Court finds that there is no private right of action
under 15 U.S.C. Secs. 1681s-2(a)(1), (2) and (3).

2. 15 U.S.C. Sec. 1681s-2(b)

The duty of a furnisher of information to a credit reporting
agency under 15 U.S.C. Sec. 1681s-2(b) is triggered when the
furnisher has received a notice pursuant to 15 U.S.C. Sec.
1681i(a)(2) from a credit reporting agency (CRA), after the
consumer has notified the CRA of a dispute. In the Complaint,
Plaintiff does not allege that Plaintiff reported the dispute to
a CRA, which sent a notice to Defendant U.S. Bank of the dispute,
triggering the Defendant U.S. Bank's duty under 15 U.S.C. Sec.
1681s-2(b).

Plaintiff Groves alleges Plaintiff disputed the validity of
outstanding debt associated with the boat in a letter to
Defendant U.S. Bank dated November 5, 2009, requested that
Defendant investigate and waive any deficiency claim against
Plaintiff, requested that Defendant remove the unlawful

11

Case No. 8:10-CV-2665-T-17TGW

repossession from his credit report and remedy other damages to which Plaintiff may be entitled (Dkt. 1-2). Plaintiff Groves notified Academy Collection Service, Inc. that Plaintiff Groves disputed the validity of the debt and the amount owed with Defendant U.S. Bank, and demanded that Academy Collection Service, Inc. cease unwritten communication with Plaintiff in a letter of January 26, 2010 (Dkt. 1-3).

A consumer may dispute information directly with a furnisher of information, 15 U.S.C. 1681s-2(a)(8), by submitting a notice that identifies the specific information that is being disputed, that explains the basis for the dispute, and that includes all supporting documentation required by the furnisher to substantiate the basis of the dispute. This section regulates the circumstances under which a furnisher is required to reinvestigate a dispute concerning the accuracy of information contained in a consumer report on the consumer, based on the direct request of the consumer. However, based on the requirement of notice pursuant to section 1681(i)(a)(2), such a direct dispute does not trigger the furnisher's duty under Sec. 1681s-2(b).

After consideration, the Court **grants** Defendant's Motion to Dismiss as to Count II, with leave to file an amended complaint.

C.  Count III - Violation of Ch. 679.625, Florida Statutes

Defendant U.S. Bank moves to dismiss for failure to allege facts as to whether Defendant U.S. Bank had a legal right to collect on deficiency resulting from the sale of the collateral. Defendant U.S. Bank argues that Plaintiff does not allege

12

Case No. 8:10-CV-2665-T-17TGW

Plaintiff raised an objection to the sale of collateral prior to
the sale.  Defendant U.S. Bank further argues that, while
Plaintiff alleges that Plaintiff Groves demanded that Defendant
return the collateral to Plaintiff, Plaintiff Groves does not
allege that Plaintiff Groves paid Defendant the balance due under
the Agreement, or had any other right to require Defendant to
abandon its remedies under Ch. 679, <u>Florida</u> <u>Statutes</u>.
Defendant U.S. Bank further argues that Plaintiff Groves waived
the right to bring this claim.

    Plaintiff Groves responds that Plaintiff did not waive his
right to this claim, and does not have to allege that Defendant
had a legal right to collect on the deficiency.  Plaintiff Groves
further argues that any alleged waiver of notice of demand by
Plaintiff is not a bar to the claims in Count III.

1) Waiver

    Defendant U.S. Bank has argued that Plaintiff Groves waived
Plaintiff's right to object under Ch. 679, <u>Florida</u> <u>Statutes</u>, to
Defendant's actions, based on the remedies for default in the
Security Agreement.  In the **OTHER TERMS**, the Agreement states:

> **OTHER TERMS.**  Each person who signs this Note
> as **BORROWER** is jointly and severally liable
> under this Note.  Each persons who signs the
> Note as **BORROWER** is fully liable for all
> payments, whether or not we try to collect
> from the other signers.  Each **BORROWER**,
> including co-maker, co-signer, surety,
> endorser or guarantor waives presentment,
> demand, protest or notice and any notice that
> we are demanding payment in full of the
> entire outstanding balance because of default

13

Case No. 8:10-CV-2665-T-17TGW

> or for any other reason.....If any provision
> in this Note is held to be unenforceable,
> void, illegal or otherwise against applicable
> law, the other provisions shall survive and
> be enforceable separately from any voided
> provisions.  We do not give up any of our
> rights by delaying or failing to exercise
> them on any one or more occasions.

In the Complaint, Plaintiff Groves alleges that Plaintiff
voluntarily surrendered the collateral.  Based on the voluntary
surrender, the Court understands that Plaintiff Groves does not
dispute that Plaintiff Groves defaulted on Plaintiff's
obligations under the Security Agreement.  Plaintiff Groves
disputes Defendant's disposition of the collateral.  The
Complaint does not include allegations which explain the facts of
Defendant's disposition of the collateral, including when, where
and how.  Plaintiff Groves also does not allege that Defendant
obtained a deficiency judgment.

The Court notes that Ch. 679.624, Florida Statutes,
specifies rights that a debtor may waive, and Ch. 679.602
specifies some rules that a debtor may not waive.  Without
factual allegations explaining the sequence of events, the Court
cannot make any determination as to Plaintiff's alleged waiver on
any issue.

2) Right of Redemption

In the Complaint, Plaintiff Groves alleges that Plaintiff
made a request to redeem the collateral from Defendant, but
Defendant U.S. Bank did not respond.

Under Ch. 679.623, Florida Statutes, a debtor may exercise

14

Case No. 8:10-CV-2665-T-17TGW

the right to redeem at any time before the secured party disposes
of the collateral, or enters into a contract for its disposition.
In order to redeem, a debtor must tender fulfillment of all
obligations secured by the collateral.  See In re Johnson, 323
B.R. 234 (Bk. M.D. Fla. 2005).

     In this case, Plaintiff Groves does not allege that
Plaintiff tendered the outstanding balance due to Defendant.

     After consideration, the Court grants the Motion to Dismiss
as to Count III, for insufficient factual allegations, with leave
to file an amended complaint.

D.  Count IV - Breach of Good Faith

     Plaintiff Groves concedes that Plaintiff Groves did not
sufficiently allege a contractual obligation.

     After consideration, the Court **grants** Defendant's Motion to
Dismiss Count IV, with leave to file an amended complaint within
fourteen days.

E.  Count V - Violation of FDUPTA

     Defendant U.S. Bank has moved to dismiss because Ch.
501.212(4)(c) excludes banks or savings and loan associations
regulated by federal agencies.

     Plaintiff Groves responds that there is a factual dispute as
to whether Defendant U.S. Bank is regulated by a federal agency,
and this issue is not properly resolved on a motion to dismiss.

15

Case No. 8:10-CV-2665-T-17TGW

　　　The Promissory Note and Security Agreement attached to
Plaintiff's Complaint indicates that the Lender is "U.S. Bank
N.A."  U.S. Bank National Association is a nationally chartered
bank which is regulated by the Office of Comptroller of the
Currency, Department of the Treasury.  Plaintiff Groves provided
the document attached to the Complaint, which is considered part
of the Complaint.  Where there is a conflict between the
allegations in a pleading and the exhibits attached to it, it is
well settled that the exhibits control.  <u>Griffin Industries, Inc.
v. Irvin</u>, 496 F.3d 1189 (11th Cir. 2007)(citing <u>Associated
Builders, Inc. v. Ala. Power Co.</u>, 505 F.2d 97, 100 (5th Cir.
1974)).

　　　After consideration, the Court **grants** Defendant's Motion to
Dismiss Count V.  Accordingly, it is

　　　**ORDERED** that Defendant's Motion to Dismiss is **granted**, with
leave to file an amended complaint within fourteen days as to
Counts I, II, III and IV.

　　　**DONE AND ORDERED** in Chambers, in Tampa, Florida on this
6th day of JUNE, 2011.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

16