UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL J. GROVES,

      Plaintiff,

v.                        CASE NO.  8:10-CV-2665-T-17TGW

U.S. BANK, N.A., et al.,

      Defendants.

_____/

ORDER

This cause is before the Court on:

Dkt. 35   Second Amended Complaint, Exhibits A-C
Dkt. 36   Motion to Dismiss Second Amended Complaint (U.S. Bank)
Dkt. 37   Motion to Dismiss Second Amended Complaint (Premier)
Dkt. 47   Motion to Dismiss Second Amended Complaint (PAR)
Dkt. 50   Response

The Second Amended Complaint includes the following claims against Defendants U.S. Bank, N.A., Premier Finance Adjusters, LLC ("Premier"), and PAR North America, Inc. ("PAR"):

| | | |
|---|---|---|
| Count I | Violation of FCCPA | U.S. Bank, N.A. |
| Count II | Violation of FCRA | U.S. Bank, N.A. |
| Count III | Statutory Damages | U.S. Bank, N.A. |
| Count IV | Breach of Duty as Bailee | U.S. Bank, N.A.<br>Premier Finance Adjusters, LLC<br>PAR North America, Inc. |
| Count V | Breach of Good Faith | U.S. Bank, N.A. |

Case No. 8:10-CV-2665-T-17TGW

| Count VI | Florida Deceptive and Unfair Trade Practices Act | U.S. Bank, N.A. Premier Finance Adjusters, LLC PAR North America, Inc. |
| --- | --- | --- |
| Count VII | Tortious Interference | Premier Finance Adjusters, LLC PAR North America, Inc. |

The basis of jurisdiction is 28 U.S.C. Sec. 1337 (commerce and antitrust regulations) and supplemental jurisdiction.

Defendant U.S. Bank, N.A. moves to dismiss under Fed. R. Civ. P. 12(b)(6), failure to state a cause of action as a matter of law. Defendant U.S. Bank requests dismissal with prejudice as to Counts I, II, III, IV, V, and VI.

Defendant PAR North America, Inc. moves to dismiss under Fed. R. Civ. P. 12(b)(6). Defendant PAR requests dismissal as to Counts IV and VI, and dismissal with prejudice as to Count VII.

Defendant Premier Finance Adjusters, LLC moves to dismiss under Fed. R. Civ. P. 12(b)(6). Defendant Premier requests dismissal with prejudice as to Count IV, and Count VI, and dismissal as to Count VII.

I. Standard of Review

"Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "[D]etailed factual allegations" are not required, Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007), but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," Id., at 570. A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the

2

Case No. 8:10-CV-2665-T-17TGW

defendant is liable for the misconduct alleged. Id., at 556.  Two working principles underlie Twombly.  First, the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. Id., at 555.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense. Id., at 556.  A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the complaint's framework, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.  See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1955-1956 (2009)(quoting Bell Atlantic v. Twombly, 550 U.S. 544 (2007).

When ruling on a motion to dismiss, the Court is not required to accept as true the plaintiff's conclusions of law.  See Solis-Ramirez v. United States Department of Justice, 758 F.2d 1426, 1429 (11th Cir. 1985).  The Court is not required to accept a plaintiff's "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts" to avoid dismissal.  Davila v. Delta Air Lines, Inc., 326 F.3d 11873, 1185 (11th Cir. 2003).

II. Factual Allegations

The Second Amended Complaint (Dkt. 35) includes Plaintiff's claims which arise from a retail installment contract in which Plaintiff executed a Promissory Note and Security Agreement with Defendant U.S. Bank, N.A. (Dkt. 35, Exh. A.).  Plaintiff's factual allegations are included in paragraphs 10 through 30 of the Second Amended Complaint, summarized below.

3

Case No. 8:10-CV-2665-T-17TGW

Plaintiff alleges that Plaintiff voluntarily surrendered the Collateral, a 2004 Island Runner 26-foot boat, with its 150HP Mercury engines and 2005 Continental trailer ("Collateral") to Defendant U.S. Bank through Defendant Premier on August 8, 2009. Defendant PAR contracted with Defendant Premier to recover the Collateral.

Plaintiff alleges that he was notified by his father that the boat was located at Lakeland Auto Auction, and the boat looked like it had been tampered with, on September 4, 2009.  Plaintiff inspected the boat and noticed that the boat's condition was severely altered from the boat's condition when Plaintiff had surrendered it. Plaintiff alleges that Plaintiff contacted Defendant U.S. Bank and wrote a complaint letter, with documentation, on September 7, 2009.  Plaintiff alleges that Plaintiff requested that Defendant U.S. Bank return the boat to the condition at the time of surrender, which Defendant U.S. Bank did not do.  Plaintiff further alleges that Plaintiff made a written request to redeem the collateral on September 15, 2009, but Defendant U.S. Bank did not respond, and give notice of the date and time of sale of the boat.

Defendant U.S. Bank acknowledged Plaintiff's dispute in a correspondence dated September 15, 2009, in which Defendant alleged that Plaintiff's dispute was sent to Defendant PAR for review.

On September 16, 2009,  Defendant PAR notified Plaintiff that Defendant PAR could not find any justification for Plaintiff's claims and Defendant PAR considered the dispute completed unless further documents could be provided.

Plaintiff alleges that on September 23, 2009  Plaintiff received a notice of deficiency from Defendant U.S. Bank, which advised that the boat was sold at auction on September 16, 2009 for $20,000, and Plaintiff was responsible for the deficiency of $42,022.69 of the $62,099.69 debt and fees.

4

Case No. 8:10-CV-2665-T-17TGW

Plaintiff further alleges that Plaintiff disputed the validity of the debt to Defendant U.S. Bank on November 5, 2009.   Plaintiff alleges that Plaintiff disputed the validity of the debt with a debt collector, and requested validation of the debt and removal of the debt from his credit report on January 26, 2010.

Plaintiff alleges that Defendant U.S. Bank did not conduct a reasonable investigation, and the debt was verified by Defendant U.S. Bank with no change made to Plaintiff's credit report.  Plaintiff alleges that Defendant U.S. Bank reported the debt to the credit reports of Plaintiff.

Plaintiff further alleges that Plaintiff has incurred attorney's fees and costs, and is entitled to the award of attorney's fees and costs as a result of Defendants' violations.

III. Discussion

A. Preliminary Issue

Plaintiff Groves attached the Promissory Note and Security Agreement, as well as copies of correspondence between the Plaintiff and Defendant U.S. Bank, and between Plaintiff and Academy Collection Service, Inc., as Exhibits A through C of the Second Amended Complaint.  These documents are considered part of the Complaint for all purposes, pursuant to Fed. R. Civ. P. 10(c).

The Promissory Note and Security Agreement (Exhibit A) of November 12, 2004 establishes that Plaintiff Michael J. Groves entered into an agreement to pay $75,263.55 plus finance charges on the unpaid balance to  Defendant U.S. Bank, N.A., in 180 monthly payments of $609.99  beginning December 10, 2004, with an annual percentage rate of 5.375%. The Note is governed by the law of the State of Ohio and applicable federal law.

Case No. 8:10-CV-2665-T-17TGW

The Promissory Note and Security Agreement were included within one document. The Security Agreement includes the following terms as to Default, Remedies for Default, and Set-Off:

**DEFAULT.**     To the extent permitted by state law, you will be in default under this note if any of the following things happen: (1) You fail to make any payment in full or fail to pay any other charge; (2) You break any promise or condition made in this Note or in any other agreement you have with us; (3) You fail to keep required insurance in force; (4) You give us false or misleading information on your application or any other document; (5) You die, are declared incompetent, become insolvent, file a bankruptcy petition, have a bankruptcy petition filed against you or dissolve or cease active business affairs, as applicable; (6) the Collateral is seized, confiscated or levied upon by governmental or legal process; (7) the Collateral is destroyed, stolen or damaged beyond repair; (8) if a license is required to operate the Collateral, your license is revoked; (9) if the Collateral is not maintained in a condition acceptable to LENDER; (10) if you fail to pay any taxes which may be levied upon the Collateral, or (11) anything else happens that we reasonably believe in good faith endangers the Collateral or your ability to pay.

**REMEDIES FOR DEFAULT.**   If you are in default under this Note, we may take any one or more of the following actions, to the extent not prohibited by state law: (1) Terminate this Note and declare the entire unpaid debt immediately due and payable, if allowed by law; (2) Take possession of the Collateral without prior demand, unless otherwise required by law.  We may take any personal property that is in or on the Collateral when we take it.  We will hold the personal property for you for 10  days, but we will neither be responsible for safekeeping such property nor be required to notify you about it.  If you do not pick up the property within that time, we may dispose of it in any way we determine; (3) Take any reasonable action to correct the default or to prevent our loss.  You agree to reimburse us for any amounts we pay to correct or cover your default; (4) Require you to return the Collateral and any related records or make them available to us in a reasonable manner; (5)  Make a claim for any and all insurance or service contract benefits or refunds that may be available on your default or on the termination of the Note and apply any amount to the amount you owe; or (6) Use any remedy we have at law or in equity.

6

Case No. 8:10-CV-2665-T-17TGW

If you make any payment after we have demanded payment of the entire balance due, your payment will be applied to the unpaid balance. Your debt will be the unpaid balance of the amount financed, plus the accrued finance charges, collection costs, and all other amounts due under this Note. If the net proceeds of Collateral sold do not pay your indebtedness in full, you will pay us the difference, plus interest at the Annual Percentage Rate until paid in full.

**SET-OFF:** You agree that we may set off any amount due and payable under this Note against any right you have to receive money from us. "Right to receive money from us" means: (1) any deposit account balance you have with us; (2) any money owed to you on an item presented to us or in our possession for collection or exchange, and (3) any repurchase agreement or other non-deposit obligation. "Any amount due and payable under this Note" means the total amount of which we are entitled to demand payment under this Note at the time we set off. This total includes any balance due for which we properly accelerate under this Note. If your right to receive money from us is also owned by someone else who has not agreed to pay this Note, our right to set-off will apply to your interest in the obligation and to any other amounts you could withdraw on your sole request or endorsement. Our right to set-off does not apply to an account or other obligation where your rights arise only in a representative capacity. It also does not apply to any Individual Retirement Accounts or tax-deferred retirement account. We will not be liable for the dishonor of any check when the dishonor occurs because we set off this debt against any of your accounts. You agree to hold us harmless from any such claims arising as a result of our exercise of our right to set-off.

The Promissory Note and Security Agreement further states:

**Important: Read before signing. The terms of this Note should be read carefully because only those terms in writing are enforceable. No other terms or oral promises not contained in this Note may be legally enforced. You may change the terms of this Note only by another written agreement signed by you and us. This Note is a final expression of the credit agreement between you and us. This Note may not be contradicted by evidence of any prior oral credit agreement or of a contemporaneous oral credit agreement between you and us. Oral agreements or commitments to loan money, extend credit or to forbear from enforcing repayment of a debt including promises to extend or renew such debt are not enforceable. To**

Case No. 8:10-CV-2665-T-17TGW

> **protect you and us from misunderstanding or disappointment, any agreements we reach covering such matters are contained in this Note, which is the complete and exclusive statement of the agreement between you and us, except as you and us may later agree in writing to modify it.**
>
> **NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF THE GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF.  RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

In the Second Amended Complaint, Plaintiff does not specify the event of default.  Since Plaintiff surrendered the Collateral to Defendant U.S. Bank on August 8, 2009, the Court presumes there was a default event and Defendant properly exercised its right to require Plaintiff to return the Collateral.   In Plaintiff's complaint letter (undated), Plaintiff acknowledged that the Collateral was to be sold at auction on September 16, 2009.    Defendant U.S. Bank sold the Collateral at auction on September 16, 2009, and thereafter sent  Plaintiff a Notice of Deficiency advising Plaintiff that the sale price at auction was $20,000.00, and Plaintiff was responsible for the deficiency amount of $42,022.69.

Plaintiff included no allegations in the Second Amended Complaint which establish that Defendant U.S. Bank pursued judicial foreclosure of its lien.   Under Ch. 679.601, <u>Florida</u> <u>Statutes</u>, a secured creditor may repossess and liquidate.   The portion of an indebtedness which is sought as a "deficiency" following a creditor's disposition of personal property held as collateral is part of the debt evidenced by the Promissory Note/installment contract.    Plaintiff does not dispute the validity of the Promissory Note/installment contract, and Plaintiff does not dispute the fact that the sale price at auction was $20,000.00.    Plaintiff disputes the validity of the deficiency amount, $42,022.69, based on Defendant U.S. Bank's actions between August 8, 2009 and September 23, 2009, when Plaintiff received the Notice of Deficiency.

Case No. 8:10-CV-2665-T-17TGW

B.  Count II - FCRA - Defendant U.S. Bank, N.A.

In Count II, Plaintiff alleges violations of 15 U.S.C. Sec. 1681s-2(a)(1), (2) and (3), and 15 U.S.C. Sec. 1681s-2(b), (Dkt. 35, par. 39 (a)-(e), and that Defendant U.S. Bank acted intentionally and with the purpose of coercing Plaintiff to pay the alleged debt, for which Defendant is liable to Plaintiff for damages, attorney's fees and costs.

Defendant U.S. Bank seeks dismissal because the Court held that "there is no private right of action under 15 U.S.C. Secs. 1681s-2(a)(1), (2) and (3)." See also Rambarran v. Bank of America Corp., U.S. Dist. Lexis 70555, *8 (S.D. Fla. 2007).

Defendant U.S. Bank argues that Plaintiff added a single conclusory paragraph stating that Defendant failed to conduct a reasonable investigation; the debt was verified and no change was made to Plaintiff's credit report.  Defendant argues that Plaintiff alleges that Plaintiff notified Defendant U.S. Bank as to his claim and an investigation was completed.  Defendant U.S.  Bank argues that Plaintiff did not include any allegations as to why Defendant's investigation was not reasonable.  Defendant U.S. Bank argues that Defendant did not remove properly reported information from Plaintiff's credit report, but this does not give rise to a claim under the FCRA.

Defendant U.S. Bank further argues that Plaintiff does not allege that Plaintiff provided additional documents or information to Defendant after being advised of the results of the investigation.  Defendant U.S. Bank argues that Defendant has no duty to conduct subsequent investigations into the same dispute.

Plaintiff responds that, while Plaintiff did not allege that Defendant's investigation was unreasonable, Plaintiff alleged that Defendant U.S. Bank did not conduct any investigation (par. 35(e)).   Plaintiff argues that a failure to investigate a claim is an unreasonable investigation under the FCRA.    Peart v. Shippie, 345 Fed. Appx. 384

Case No. 8:10-CV-2665-T-17TGW

(11th Cir. 2009).   Plaintiff argues that Count II should not be dismissed.

1.   15 U.S.C. Secs. 1681s-2(a)(1), (a)(2), (a)(3)

As to Plaintiff's claims under 15 U.S.C. Secs. 1681s-2(a)(1), (a)(2) and (a)(3), the Court previously noted the limitation on enforcement in 15 U.S.C. Sec. 1681s-2(d). See Peart v. Shippie, 345 Fed. Appx 384 (11th Cir. 2009)(statute explicitly bars private suits for violations of 15 U.S.C. Sec. 1681s-2(a)).

After consideration, the Court **grants** Defendant's Motion to Dismiss as to these issues.

2.   15 U.S. C. Sec. 1681s-2(b)

15 U.S.C. Sec. 1681s-2(b) provides:

(b) Duties of furnishers of information upon notice of dispute

(1) In general

After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall–

(A) conduct an investigation with respect to disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;

(C) report the results of the investigation to the consumer reporting agency;....

Case No. 8:10-CV-2665-T-17TGW

(a) Sufficiency of Allegations

In the Second Amended Complaint, Plaintiff alleges that Plaintiff disputed the debt directly with Defendant U.S. Bank, and with Academy Collection Services, Inc., a non-party. However, the duties stated in 15 U.S.C. Sec. 1681s-2(b) are triggered when the furnisher of information receives notice of the consumer's dispute from a consumer reporting agency. See 15 U.S.C. Sec. 1681s-2(b); Peart v. Shippie, 345 Fed. Appx. 384 (11th Cir. 2009). In the Second Amended Complaint, Plaintiff does not allege that Plaintiff disputed the debt with a consumer reporting agency.

After consideration, the Court **grants** Defendant's Motion to Dismiss as to this issue.

(b) Reasonableness of Defendant's Investigation

The Court notes that the Security Agreement provides: "If the net proceeds of Collateral sold do not pay your indebtedness in full, you will pay us the difference, plus interest at the Annual Percentage Rate until paid in full." Defendant U.S. Bank determined the amount of the deficiency at some time prior to September 23, 2009, when Plaintiff received the Notice of Deficiency. Therefore, only Defendant's acts which took place prior to September 23, 2009 are relevant.

A furnisher of information to a consumer reporting agency has reasonable cause to believe its information is inaccurate when the furnisher has specific knowledge, other than solely allegations by the consumer, that would cause a reasonable person to have substantial doubts about the accuracy of the information. See 15 U.S.C. Sec. 1681s-2(a)(1)(D). Ch. 679.615, Florida Statutes, controls the application of proceeds of disposition, and the liability for a deficiency. In this case, Defendant U.S. Bank notified Plaintiff Groves of the deficiency of $42,022.69 in a Notice received by Plaintiff on

11

Case No. 8:10-CV-2665-T-17TGW

September 23, 2009, after Defendant U.S. Bank sold the Collateral at auction for $20,000.00.   In the Second Amended Complaint, Plaintiff does not allege any facts establishing that Defendant U.S. Bank improperly applied the proceeds of the disposition of the Collateral when Defendant determined the deficiency amount.

In the Second Amended Complaint, Plaintiff alleges that when Plaintiff initially contacted Defendant U.S. Bank as to Plaintiff's complaint, Defendant U.S. Bank transmitted Plaintiff's complaint to Defendant PAR North America, to whom Plaintiff had surrendered the Collateral, for review.  Plaintiff's Complaint letter (Dkt. 35-1, p. 8) does not specifically identify the damage to the Collateral.   Defendant PAR North America responded to Plaintiff's Complaint on September 16, 2009, stating that Defendant PAR found no justification for Plaintiff's claims, and that Defendant PAR considered the matter completed unless further documents could be provided otherwise.  (Dkt. 35, par. 23).   Since Plaintiff did not identify the damage to the Collateral, or quantify the damage to the Collateral, in a notice to Defendant prior to September 23, 2009, Defendant U.S. Bank could not have conducted a further  investigation before determining the amount of the deficiency as stated in the Notice of Deficiency.

In the letter of November 5, 2009 to Defendant U.S. Bank, Plaintiff specifically identified the alleged damage to the Collateral while the Collateral was in the custody of Defendant U.S. Bank.  Plaintiff alleged that Plaintiff had before-and-after video and photographs.  In the Second Amended Complaint, Plaintiff does not allege that Plaintiff provided those items to Defendant U.S. Bank, Defendant PAR,  Academy Collection Services, Inc. or to consumer reporting agencies at any time before or after Defendant U.S. Bank determined the amount of the deficiency.

Other courts have recognized the duty to conduct a reasonable investigation.  In Bruce v. First U.S.A. Bank National Association, et al., 103 F.Supp.2d 1135 (E.D. Mo. 2000), the Court noted that Section 1681s-2(b)'s investigation requirement for

12

Case No. 8:10-CV-2665-T-17TGW

furnishers of credit information is analogous to the requirement imposed upon credit reporting agencies under Sec. 1681i(a) to reinvestigate a consumer's dispute regarding information contained in his credit report, and further noted that courts interpreting Sec. 1681i(a) have imposed a duty to conduct a reasonable reinvestigation. The Court notes that whether a reasonable investigation has been conducted is generally a question of fact for the jury.   However, there is no duty to reinvestigate a consumer complaint lodged directly or through a consumer reporting agency, when the dispute is determined to be frivolous or irrelevant, which is to determine that the dispute  is the same as a dispute previously submitted, and the information required to substantiate the claim is not provided.   A person receiving notice of a dispute from a consumer reasonably determines that a dispute is frivolous or irrelevant:

> (I) by reason of the failure of a consumer to provide sufficient information to investigate the disputed information; or
>
> (II) the submission by a consumer of a dispute that is substantially the same as a dispute previously submitted by or for the consumer, either directly to the person or through a consumer reporting agency under subsection (b) of this section, with respect to which the person has already performed the person's duties under this paragraph or subsection (b) as applicable.

See   15 U.S.C. Sec. 1681s-2(a)(8)(F)(I).


In the Second Amended Complaint, Plaintiff has not alleged any facts to support Plaintiff's claim that Defendant's investigation was not reasonable.   The Court previously considered the deficiencies of Plaintiff's FCRA claim, but Plaintiff has not included allegations which render Plaintiff's FCRA claim plausible.   The Court therefore **grants** Defendant's Motion to Dismiss Count II with prejudice.

13

Case No. 8:10-CV-2665-T-17TGW

The remaining claims Plaintiff asserts are state law claims.  The Court declines to exercise jurisdiction over the state law claims and dismisses all other claims without prejudice.  Accordingly, it is

**ORDERED** that Defendant U.S. Bank's Motion to Dismiss (Dkt. 36 )is granted as to Count II, and  Count II is dismissed with prejudice.  The Court dismisses all other claims without prejudice.   Defendants' Motions to Dismiss (Dkts. 36, 37, 47) are otherwise denied as moot.   The Clerk of Court shall close this case.

**DONE and ORDERED** in Chambers in Tampa, Florida on this 2nd day of February, 2012.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

14